## In re Harber

*Swaney & Lucas*, for petitioner.
*Joseph A. Tritschler*, for minor.

READER, P. J., May 8, 1941.—The above-entitled case is before us on a petition for the appointment of a guardian ad litem for De Moyne Harber, alias Harper, a minor.

The petitioner is Hugh March. He brought an action of trespass against said De Moyne Harber before Alderman Floretta Smith in the sum of $93.75. A hearing was had before the said alderman. After the presentation of plaintiff's testimony defendant was sworn and testified that he was a minor, 19 years of age, and without a guardian. The case was continued and the petition now before us was presented by plaintiff for the appointment of a guardian for defendant in order that the case might properly proceed. Upon the presentation of the petition, a rule was granted upon defendant minor to show cause why this court should not appoint a guardian ad litem to act for him in the suit before said alderman. An answer was filed to the rule denying the jurisdiction of the court to appoint a guardian for the purpose stated. The case was subsequently argued before the court.

We have before us simply the petition, the rule, and the answer, and no transcript of the proceedings before the alderman. We are not in a position to say, therefore, whether in other respects the proceeding could be sustained. There is no question that a minor may be sued in proceedings for a tort committed by him, and process may be served upon the minor himself. Prior to the passage of the Act of July 9, 1901, P. L. 614, a minor could even be arrested upon a capias. Since the passage of the act the writ must be served upon the minor as in the case of a summons. The question of the liability of the minor to be so sued was considered by us in the case of Gruber v. Poulain, June term, 1925, no. 391. The question was passed upon in two opinions which we filed in that case. We refer to the authorities cited in those opinions without restating them. It is equally well settled, however, that while a suit may be so instituted and a minor brought into court by service of the proper writ upon him, further proceedings may not be had until a guardian ad litem is appointed.

The question now before us is whether the court of common pleas has power to appoint a guardian ad litem

to act for the minor defendant in a proceeding before an alderman. No such authority is granted by the Rules of Civil Procedure adopted by the Supreme Court with reference to minors as parties, being rules 2026 to 2050. Under the provisions of the Act of June 21, 1937, P. L. 1982, 17 PS §61, the rules so adopted by the Supreme Court are applicable only to the courts of common pleas of the Commonwealth, and to the County Court of Allegheny County, and the Municipal Court of Philadelphia.

Aside from the authority conferred by these rules, which we think is not applicable to the case now before us, it seems that the general rule of the law is that a guardian ad litem can be appointed only by the court before which the proceeding necessitating the appointment is pending, and the appointment is for that proceeding only: Elkins' Estate, 18 D. & C. 578; Fromknecht et ux. v. Wilson, etc., 15 Erie 219. The only case which has come to our attention in which the court of common pleas appointed a guardian ad litem in a suit which originated before a justice of the peace is the case of Gilbert v. Gougler (No. 2), 5 Northumb. L. J. 466. In this case the suit was brought before the justice of the peace against the minor and an adult. Judgment was entered against both defendants before the justice of the peace, and both appealed to the court of common pleas. It was after the parties, including the minor, were in the court of common pleas by appeal that the appointment was made. This case would seem to be within the first clause of Pa. R. C. P. 2026, in which the word "action" is defined as meaning "any civil action or proceeding at law or in equity brought in or appealed to any court of record which is subject to these rules".

It seems to us that we have no authority to appoint a guardian ad litem in the instant case. It is argued that a ruling to this effect works a hardship upon plaintiff, since the fact of the minority of defendant is a matter to be raised by defendant himself. However, we think there is no undue hardship in requiring a plaintiff to make in-

quiry before bringing suit as to whether defendant is an adult or a minor. We are of the opinion, therefore, that the rule to show cause why a guardian ad litem should not be appointed should be discharged.